IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUSAN G. WILLIAMS,

    Plaintiff,

v.

                                              Case No. 16-1361-JTM

ASCENSION HEALTH LONG-TERM
DISABILITY (LTD) PLAN,

    Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant Ascension Health LTD Plan's Motion to Dismiss, or in the Alternative, to Transfer Venue pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1404(a), respectively (Dkt. 5). For the reasons stated below, the court will transfer venue to the United States District Court for the Eastern District of Missouri.

**I.    Factual Background**

Ascension Health Alliance d/b/a Ascension, a Missouri nonprofit corporation, operates numerous hospitals and other health care facilities ("Health Ministries") in 24 states and the District of Columbia. Ascension is incorporated in the state of Missouri, with its principal place of business in St. Louis, Missouri. Ascension sponsors the Plan for eligible employees of its affiliated Health Ministries, including eligible employees of Via Christi Health, an Ascension Health Ministry based in Wichita, Kansas.

The Plan is an "employee welfare benefit plan" subject to ERISA. The Plan designates Sedgwick Claims Management Services, Inc. ("Sedgwick"), as the Claims Administrator and grants discretionary authority to Sedgwick to interpret and apply the provisions of the Plan. Exhibit A, Plan, §§ 2.4, 2.8. Section 2.8 of the Plan provides, "The Claims Administrator shall

have discretionary authority to determine whether a Participant is eligible to receive or continue to receive a Benefit under the Plan . . . ." The Plan includes a mandatory forum-selection clause, which provides that any action "relating to or arising under the Plan" must be brought and resolved in the United States District Court for the Eastern District of Missouri. Exhibit A, Plan, § 9.20.

Plaintiff Susan G. Williams was employed at Via Christi Hospital from 2000 to 2015. Plaintiff was a participant in the Plan. She alleges that her disability began in late 2014, and caused her to cease working as a nurse's aide around May 2015. Plaintiff filed a claim for long-term disability benefits, and Sedgwick denied the claim on or around November 12, 2015. Complaint, ¶ 15. Plaintiff appealed the decision, and Sedgwick affirmed its denial of Plaintiff's claim for long-term disability benefits on January 21, 2016. Complaint, ¶¶ 15, 17.

After her claim for long-term disability benefits was denied, Plaintiff filed suit against Ascension in the state District Court of Sedgwick County, Kansas. *Williams v. Ascension Health Long-Term (LTD) Plan*, Case No. 16CV1583. Defendant removed the lawsuit to this court. Defendant now seeks dismissal or transfer based on the Plan's forum-selection clause.

## II. Legal Standards

This court considers Ascension's motion to dismiss as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). *See Riley v. Kingsley Underwriting Agencies. Ltd*., 969 F.2d 953, 956 (10th Cir. 1992). Forum-selection clauses are prima facie valid and should be enforced unless the resisting party shows the clause is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances. *Riley*, 969 F.2d at 957; *M/S Bremen v. Zapata Off–Shore Co*., 407 U.S. 1, 9 (1972). The plaintiff bears the burden of establishing that venue in this district is proper and all factual disputes are resolved in

plaintiff's favor. *M.K.C. Equip. Co. v. M.A.I.L. Code, Inc.*, 843 F. Supp. 679, 682-83 (D. Kan. 1994). "Facts outside the pleadings may be properly considered on a motion to dismiss for improper venue." *Concrete Indus., Inc. v. Dobson Bros. Const. Co.*, No. 06–1325, 2007 WL 1455979, at *1 (D. Kan. May 17, 2007) (citations omitted).

Under 28 U.S.C. § 1404(a), the court may transfer a case to any district or division where it might have been brought for "the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The decision whether to grant a motion to transfer is within the sound discretion of the district court. *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). The court must give great weight to plaintiff's choice of forum. *KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F.Supp.2d 1212, 1214 (D.Kan.1998). However, when there is a valid forum-selection clause, it "should be given controlling weight in all but the most exceptional cases" notwithstanding the normal § 1404(a) analysis. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (internal alterations and quotation marks omitted).

## III. Analysis

Ascension first asks the court to dismiss plaintiff's claims because the Plan requires that this suit be filed in United States District Court for the Eastern District of Missouri. Alternatively, Ascension asks the court to transfer the case to the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1404(a). Plaintiff argues the forum-selection clause is unenforceable because it contradicts ERISA's liberal venue provision, 29 U.S.C. § 1132(e)(2),[1] and limits her right to bring suit in one venue. Additionally, she argues that pursuant to 29 U.S.C. § 1104(a)(1)(D), plan fiduciaries must reject provisions that are contrary to

---

[1] 29 U.S.C. § 1132(e)(2) states: "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

the spirit of ERISA – to protect the interests of the plan participants and beneficiaries. The court finds plaintiff's arguments unpersuasive.

The majority of courts to consider the question have held that forum-selection clauses are not inconsistent with § 1132(e)(2) or any other provision of ERISA. *See Smith v. AEGON Cos. Pension Plan*, 769 F.3d 922 (6th Cir. 2014); *Mroch v. Sedgwick Claims Mgmt. Servs., Inc*., No. 14-cv-4087, 2014 WL 7005003 (N.D. Ill. Dec. 10, 2014); *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855 (N.D. Cal. 2010); *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430 (S.D.N.Y. 2007). *But see Harris v. BP Corp. N. Am. Inc*, No. 15-CV-10299, 2016 WL 8193539, at *8 (N.D. Ill. July 8, 2016) (finding forum-selection clause contravenes the strong public policy set forth in ERISA); *Nicolas v. MCI Health & Welfare Plan*, No. 501, 453 F. Supp. 2d 972 (E.D. Tex. 2006); *Wellmark, Inc. v. Deguara*, No. 4:02-CV-40534, 2003 WL 21254637 (S.D. Iowa May 28, 2003). This court joins the majority position for the following reasons:

1) Congress did not specifically prohibit forum-selection clauses in ERISA plans;
2) the forum-selection clause removes any uncertainty about where jurisdiction lies, thus avoiding confusion regarding venue selection;
3) the forum-selection clause allows one federal court to oversee the administration of the Plan and gain special familiarity with the Plan, furthering ERISA's goal of establishing a uniform administrative scheme;
4) the interests of all participants and beneficiaries are benefitted by bringing uniformity to ERISA decisions; and
5) forum-selection clauses in ERISA plans promote ERISA's goal of providing a low-cost administration of employee benefit plans.

The court finds the forum-selection clause enforceable for two reasons. First, forum-selection clauses are presumptively valid. Second, Williams has not argued that the clause was induced by fraud, that the Eastern District of Missouri federal court would ineffectively or unfairly handle the case, or that the inconvenience to her is unjust or unreasonable. The only argument Williams might have is that litigating in Missouri would be inconvenient. While this

4

may be true, mere inconvenience alone is insufficient to avoid enforcement of the clause. *Mozingo v. Trend Pers. Servs.*, No. 10-4149-JTM, 2011 WL 3794263, at *2 (D. Kan. Aug. 25, 2011), aff'd, 504 F. App'x 753 (10th Cir. 2012) (citations omitted). Williams would need to show that litigating in Missouri would be so difficult as to practically deprive her of her day in court. But because ERISA cases are normally decided by cross-motions and without the need for trial or discovery, Williams cannot overcome the strong presumption in favor of enforcing the forum-selection clause.

Finally, because Williams would likely incur additional costs should this court dismiss the case rather than transfer venue, the court will deny the Motion to Dismiss, but will grant the Motion to Transfer Venue. *Conte v. Ascension Health*, No. 11-12074, 2011 WL 4506623, at *1 (E.D. Mich. Sept. 28, 2011) (majority of courts transfer the action rather than dismiss it outright when faced with similar motions).

**IT IS THEREFORE ORDERED** this 28th day of April, 2017, that defendant's motion to dismiss is DENIED and that defendant's motion to transfer the case is GRANTED. The Clerk is directed to transfer this case forthwith to the United States District Court for the Eastern District of Missouri.

              s/ J. Thomas Marten
              Chief United States District Judge